IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS FREEMAN, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ___________ |
| | § | |
| | § | |
| ENLIGHTENED TRUCKERS OF | § | |
| AMERICA LLC, E-7 LOGISTICS LLC, | § | |
| AND OCTAVIUS CUMMINGS | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Carlos Freeman, "Plaintiff", complaining of Defendants Enlightened Truckers of America LLC ("Enlightened"), E-7 Logistics LLC ("E-7") and Octavius Cummings ("Cummings"), and would respectfully show this Honorable Court the following:

## I.
## PARTIES

1. Plaintiff Carlos Freeman is an individual who is a resident of the State of Texas.

2. Defendant Enlightened Truckers of America LLC is a foreign limited liability company that conducts business in the State of Texas. Enlightened Truckers of America LLC is a nonresident who engages in business and derives monetary profit in this state, but does not maintain a regular place of business or a designated agent for service of process in this state and this proceeding arises out of business done by Enlightened Truckers of America LLC in this state. Therefore, The Texas Secretary of

State is an agent for service of process on Enlightened Truckers of America LLC. *See*, TEX. CIV. PRAC. & REM. CODE § 17.044(b). Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(a), The Secretary of State is being served with duplicate copies of process for nonresident Enlightened Truckers of America LLC and the Secretary of State is requested to immediately mail a copy of the process *via* certified mail, return receipt requested, to the nonresident Enlightened Truckers of America LLC at its home office address as follows:

Enlightened Truckers of America LLC
1900 Polaris Pkwy., Ste. 450
Columbus, OH 43240

In addition, Tex. R. Civ. P. 108 permits service in another state when the defendant is a nonresident of Texas in the same form as prescribed for citation to a resident defendant. Accordingly, Plaintiff requests that the Clerk of the Court serve process by registered mail or by certified mail, return receipt requested on Enlightened Truckers of America LLC as follows:

Enlightened Truckers of America LLC
c/o Jugoslav Erceg, Registered Agent
1900 Polaris Pkwy., Ste. 450
Columbus, OH 43240

3. Defendant E-7 Logistics LLC is a foreign limited liability company that conducts business in the State of Texas. E-7 Logistics LLC is a nonresident who engages in business and derives monetary profit in this state, but does not maintain a regular place of business or a designated agent for service of process in this state and this proceeding arises out of business done by E-7 Logistics LLC in this state. Therefore, The Texas Secretary of State is an agent for service of process on E-7 Logistics LLC. *See*, TEX. CIV. PRAC. & REM. CODE § 17.044(b). Pursuant to TEX. CIV.

PRAC. & REM. CODE § 17.045(a), the Secretary of State is being served with duplicate copies of process for nonresident E-7 Logistics LLC and The Secretary of State is requested to immediately mail a copy of the process *via* certified mail, return receipt requested, to the nonresident E-7 Logistics LLC at its home office address as follows:

E-7 Logistics LLC
4411 Montgomery Road, Suite 207
Cincinnati, OH 45212

In addition, Tex. R. Civ. P. 108 permits service in another state when the defendant is a nonresident of Texas in the same form as prescribed for citation to a resident defendant. Accordingly, Plaintiff requests that the Clerk of the Court serve process by registered mail or by certified mail, return receipt requested on E-7 Logistics LLC as follows:

E-7 Logistics LLC
4411 Montgomery Road, Suite 207
Cincinnati, OH 45212

4. Defendant <u>Octavius Cummings</u> (hereinafter "Cummings") is a nonresident of the State of Texas. This lawsuit arises from a motor vehicle collision that occurred while this party was operating a commercial motor vehicle in the State of Texas. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 17.061 *et. seq*., the agent for service of process for this party is <u>Chairman of the Texas Transportation Commission</u>, 125 East 11th Street, Austin, Texas 78701-2483, who will then forward a copy of said process and notice that process has been served on the Chairman to Defendant Octavius Cummings last known address, 3714 Adamsville Dr., Atlanta, GA 30331.

## II. JURISDICTION

5. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. BACKGROUND FACTS

6. On or about October 14, 2024, Plaintiff and Defendant Octavius Cummings were at the intersection of 100 E. Richey Rd. and 1500 North Frwy. Service Rd. (IH45) in Harris County, Texas. Plaintiff and Defendant Cummings were making a left turn on the North Freeway Service Rd. Defendant Octavius Cummings made too wide a turn and struck Plaintiff's vehicle with a tremendous force. Plaintiff was struck by a commercial tractor truck being operated by Defendants Enlightened Truckers of America LLC, E-7 Logistics LLC, and employee and/or agent Defendant Cummings.

7. At all times material hereto, Defendant Cummings was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of an employment or agency relationship with Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC.

8. Defendants Enlightened Truckers of America LLC and E-7 Logistics LLC is/are business(es) engaged in the transportation of freight throughout the United States including Texas. Defendants Enlightened Truckers of America LLC and E-7 Logistics LLC are licensed carrier(s) with the United States Department of Transportation and is/are subject to the operational and safety rules promulgated by and on behalf of that entity.

9. As a result of the incident, Plaintiff sustained serious personal injuries resulting in incapacities and damages.

## IV.
## NEGLIGENCE

10. Defendants Enlightened Truckers of America LLC and E-7 Logistics LLC are vicariously liable for the aforementioned acts and/or omissions of Defendants' employee and/or agent because Cummings was acting in the course and scope of his employment or agency relationship with Enlightened Truckers of America LLC and/or E-7 Logistics LLC at the time of the incident made the basis of this lawsuit. Additionally, and/or in the alternative, Defendants Enlightened Truckers of America LLC and E-7 Logistics LLC are liable and responsible for the damages and injuries inflicted by Defendant Cummings and/or the owner of the tractor truck even if claimed to be an independent contractor as required by the Federal Motor Carrier Regulations, 49 C.F.R. 390.5.

11. Pleading further, Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC and their agents, officers, and employees, committed acts and omissions constituting negligence and negligence per se, which acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Cummings, so as to provide for safe operation of tractor-trailers such as the one involved in the occurrence in question;

(b) In hiring, employing, and/or retaining drivers, specifically including Defendant Cummings who lacked proper screening, testing, training and qualifications so as to provide for safe operation of tractor trucks such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant Cummings, so as to provide for safe operation of tractor trucks such as the one involved in the occurrence in question;

(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate tractor trucks such as the one involved in the occurrence in question. At all times material hereto, all of the agents, servants, and employees for Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Enlightened Truckers of America LLC and/or E-7 Logistics LLC;

(e) In failing to properly repair and/or inspect and maintain equipment on their commercial trucks;

(f) In negligently entrusting a commercial vehicle to Defendant Cummings who was an unlicensed, incompetent, and/or reckless driver, and which Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC knew or should have known that Defendant Cummings was an incompetent and/or reckless driver; and

(g) In allowing Defendant Cummings to operate a commercial motor vehicle when he was not qualified to do so and in violation of applicable state and federal regulations.

**V.**

12. Defendant Octavius Cummings, for whose acts and omissions Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC are in all things responsible, engaged in several acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In operating the tractor trailer in a careless and/or in a reckless manner and/or in violation of Texas Code Annotated, Transportation Code, Title 7, Chapter 545, Sec. 545.401;

(b) In failing to safely turn at an intersection;

(c) In failing to turn properly;

(d) In failing to drive in a single lane;

(e) In failing to yield the right of way;

(f) In failing to keep a proper lookout;

(g) In failing to apply or timely apply the brakes;

(h) In failing to control the speed of his vehicle;

(i) In failing to maintain control of his vehicle; and

(j) In failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

13. At all times material hereto, all of the agents, servants, and employees of Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC, including but not limited to Defendant Cummings, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendants Enlightened Truckers of America LLC and/or E-7 Logistics LLC.

**VI.**

14. Defendant Octavius Cummings, was negligent per se in failing to exercise the mandatory standard of care as follows:

15. Defendant Octavius Cummings failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code §545.060 pursuant to the negligence Per Se Doctrine which mandates that:

**§545.101 TURNING AT INTERSECTION**

(a) To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway.

(b) To make a left turn at an intersection, an operator shall:

(1) approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle; and

(2) after entering the intersection, turn left, leaving the intersection so as to arrive in a lane lawfully available to traffic moving in the direction of the vehicle on the roadway being entered.

(c) On a street or roadway designated for two-way traffic, the operator turning left shall, to the extent practicable, turn in the portion of the intersection to the left of the center of the intersection.

(d) To turn left, an operator who is approaching an intersection having a roadway designated for one-way traffic and for which signs are posted from a roadway designated for one-way traffic and for which signs are posted shall make the turn as closely as practicable to the left-hand curb or edge of the roadway.

**§545.103 SAFELY TURNING**

An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

**§ 545.351 MAXIMUM SPEED REQUIREMENTS**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding

with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing;

(2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

16. The above acts or omissions by Defendant singularly or collectively, constitute negligence as a matter of law proximately causing Plaintiff's injuries and damages.

## VII.
## DAMAGES

17. As a result of this occurrence, Plaintiff sustained substantial damages as described below.

18. If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

19. As a further result of such occurrence, Plaintiff has incurred medical expenses in the past, and will incur in reasonable probability, medical expenses in the

future and such expenses are and will be reasonably necessary for the injuries sustained, and are and will be reasonable and customary as incurred.

20. As a further result of such occurrence, Plaintiff has suffered physical pain and mental anguish in the past, and will suffer, in reasonable probability from physical pain and mental anguish in the future; and Plaintiff has suffered physical impairment, in the past, and will suffer, in reasonable probability, from physical impairment, in the future.

21. In view of all matters alleged herein, Plaintiff seeks these and all other damages to which he may be entitled, the sum of money, if paid now in cash, that would fairly and reasonably compensate Plaintiff for his actual damages a sum of money substantially in excess of the minimum jurisdictional limit of this Court.

22. Plaintiff pleads for any and all prejudgment and post-judgment interest at the highest legal rate allowed by law.

## VIII.
## JURY DEMAND

23. Plaintiff asserts his rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

## IX.
## PRAYER

24. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Carlos Freeman, prays that Defendants  Enlightened Truckers of America LLC, E-7 Logistics LLC and Octavious Cummings, be cited to appear and answer herein; that upon final trial hereof Plaintiff have judgment of the court against Defendants for his damages described

above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

Respectfully submitted,

**DAX F. GARZA, P.C.**

By: ______________________________

Dax F. Garza
Attorney-In-Charge
S.D. Tex. Bar No. 29404
Texas Bar No. 24030514
Scott Clayton Greenlee
S.D. Tex Bar No. 435236
Texas Bar No. 24007270
801 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 522-3000
Facsimile: (713) 522-3001
dax@daxgarzalaw.com
scott@daxgarzalaw.com

**ATTORNEYS FOR PLAINTIFF**
**CARLOS FREEMAN**